# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2025

Lyle W. Cayce
Clerk

No. 24-60664
Summary Calendar

Vladimir Bogdanov,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A249 116 575

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Vladimir Bogdanov, a native and citizen of Russia, petitions this court for review of an order of the Board of Immigration Appeals ("BIA"). The BIA dismissed his appeal from an Immigration Judge ("IJ") order finding him not credible; denying his application for, *inter alia*, asylum and withholding of removal; and ordering him removed. We review the BIA's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

opinion and consider the IJ's decision insofar as it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Here, the BIA "essentially" embraced the IJ's reasoning, so "we have authority to review the IJ's decision as well as that of the BIA." *Id.* at 224. Because the IJ's credibility determination is reviewed for substantial evidence, we will not disturb it "unless the evidence compels" a contrary conclusion. *Id.* at 224–25.

This standard is not satisfied here. A review of the record shows that the IJ's adverse credibility decision is grounded in "specific and cogent reasons derived from the record," and Bogdanov cites nothing compelling a contrary conclusion. *Id.* at 225 (quotations omitted). The IJ was also not bound to accept Bogdanov's explanations for the discrepancies in his testimony and statements. *See Arulnanthy v. Garland*, 17 F.4th 586, 593 (5th Cir. 2021). Thus, the adverse credibility finding suffices to deny the petition for review as to Bogdanov's claims for asylum and withholding. *See id.* at 597; *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994) (per curiam).

Bogdanov also reiterates his claim that he was denied a full and fair hearing, and his due process rights were infringed, because his personal property, including his laptop, was confiscated, thus preventing him from providing corroborating evidence. An alien in removal proceedings who brings a due process claim "must make an initial showing of substantial prejudice by making a prima facie showing that the alleged violation affected the outcome of the proceeding." *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam) (cleaned up). Bogdanov's due process claim fails because it is grounded solely in his conclusory assertions and therefore is untethered from record evidence. The petition for review is DENIED.